IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

---

| | |
|---|---|
| D.E.H.<br>Plaintiff<br><br>v.<br><br>PATRICIA HYDE, ICE New England Field Office Director,<br>TODD LYONS, Director of Immigration & Customs Enforcement,<br>KRISTI NOEM, Secretary of Homeland Security,<br>MARCO RUBIO, Secretary of State,<br>Defendants | No. _____ |

## PETITION FOR WRIT OF HABEAS CORPUS

1. Petitioner D.E.H. is a Venezuelan man in the custody of Immigration and Customs Enforcement ("ICE") who has reason to believe that he could be subjected to imminent removal under March 14, 2025 Proclamation purporting to invoke the Alien Enemies Act ("AEA") of 1798.

2. The Proclamation, "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua" (Mar. 15, 2025), purportedly authorizes "immediate" removal of noncitizens which the Proclamation deems to be alien enemies, without notice or any opportunity for judicial review. It also contorts the plain language of the AEA: arrivals of noncitizens from Venezuela are deemed an "invasion" or "predatory incursion" by a "foreign nation or government," where Tren de Aragua ("TdA"), a Venezuelan gang, is deemed to be sufficiently akin to a foreign nation or government.

3. **The entire basis for this Proclamation and the Department of Justice's defense of it in federal courts around the country has recently been exposed as a shameless fraud on the court.** Although it was already apparent to anyone familiar with the current political situation in Venezuela prior to the release of a previously-unknown April 7, 2025 "sense of the community"

memorandum from the Office of Director of National Intelligence that TdA had absolutely no controlling stake or even notable influence in the Venezuelan government (and that the Venezuelan government had nothing to do with sending gang members to the U.S.,) there can be no doubt of it now. *See National Intelligence Commmunity Sense of the Community Memo*, dated April 7, 2025, available at politico.com/f/?id=00000196-a387-d4f8-a9d6-cfa768260000 (redacted).

4. Pursuant to the Proclamation, on March 15, the government deported at least 137 noncitizens to a notorious prison in El Salvador, without any review of any aspect of the determination that they are alien enemies. The U.S. Supreme Court has ordered that anyone whom DHS intends to designate under the Act be provided with individualized notice and the opportunity to seek *habeas* relief. *Trump v. J.G.G.*, 604 U.S. _____ (2025)(order dated April 7, 2025). However, it has become clear that the government has not treated this order—or any number of other federal court orders regarding non-citizens in ICE custody—with any more than the most perfunctory deference, and Petitioner remains concerned that he will be given exceptionally short notice if DHS intends to proceed under the AEA.

5. With the J.G.G. injunction recently lifted, the government is resuming its summary removals of Venezuelans who are in ongoing immigration proceedings, including potentially the Petitioner, without any judicial review—including by this Court. For that reason, Petitioner seeks this Court's intervention to temporarily restrain his summary removal from the jurisdiction as well as potentially from the United States, and to determine that this use of the AEA is unlawful and must enjoined in this District.

**JURISDICTION AND VENUE**

6. This case arises under the Alien Enemies Act ("AEA"), 50 U.S.C. §§ 21-24; the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq. and its implementing regulations; the Convention Against Torture ("CAT"), see Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277,

div. G, Title XXII, § 2242, 112 Case 1:25-cv-02886 Document 1 Filed 04/08/25 Page 3 of 22 3 Stat. 2681, 2681-822 (1998) (codified as Note to 8 U.S.C. § 1231); the All Writs Act, 28 U.S.C. § 1651, and the Fifth Amendment to the U.S. Constitution. 8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 et seq. (habeas corpus), art. I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 1651 (All Writs Act). 9. The Court may grant relief pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 2243; the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; the All Writs Act, 28 U.S.C. § 1651; and the Court's inherent equitable powers.

7. Venue is proper in this District under 28 U.S.C. § 2241; 28 U.S.C. § 1391(b); and, 28 U.S.C. § 1391(e)(1) because at the time of the filing of this action the Petitioner was detained in the Respondent's custody within the District of Massachusetts; a substantial part of the events and omissions giving rise to the claim occurred in this district; and Respondents are agencies of the United States or officers of the United States acting in their official capacity

## PARTIES

8. Petitioner D.E.H. is a 32-year-old Venezuelan man who is as of the time of this filing in an unknown location in ICE custody and is at imminent risk of removal. He was most recently arrested and detained by ICE on the street near his home in East Boston, Massachusetts. He first entered the U.S. without inspection on September 20, 2023 together with his wife and her minor son. Although the Petitioner emphatically avers that he is not and has never been affiliated with gangs in Venezuela, the U.S., or anywhere else in the world, he does have several tattoos on his body. Although these tattoos are simply memorializing family members and have no significance beyond these sentimental meanings, Petitioner has reason to believe that even the most innocent tattoos have been sufficient for the government to baselessly allege TdA affiliation in recent AEA cases and is now filing this complaint to proactively enjoin any possibility that he will be so designated.

9. Defendant Patricia Hyde is ICE's New England Field Office Director.

10. Defendant Todd Lyons is the Acting Director of ICE.

11. Defendant Kristi Noem is the Secretary of the Department of Homeland Security.

12. Defendant Marco Rubio is the Secretary of State.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

*Ultra Vires, Violation of 50 U.S.C. § 21, et seq.*

13. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

14. The AEA does not authorize the removal of noncitizens from the United States absent a "declared war" or a "perpetrated, attempted, or threatened" "invasion or predatory incursion" into the United States by a "foreign nation or government." See 50 U.S.C. § 21. The Proclamation on its face mandates Petitioners' removal under the AEA where those preconditions have not been met.

15. The AEA Process, which was purportedly established pursuant to the authority of 50 U.S.C. § 21, is not authorized by that law. The AEA (Section 21) permits removal only where noncitizens alleged to be "alien enemies" "refuse or neglect to depart" from the United States. 50 U.S.C. § 21. The AEA (Section 22) also requires the government to afford noncitizens alleged to be "alien enemies" sufficient time to settle their affairs and to depart the United States. See 50 U.S.C. § 22.

16. However, Petitioner has reason to believe that he may be subject to forced removal without being afforded the privilege of voluntary departure, let alone any notice or an opportunity to respond to the designation of alien enemy. The application of the AEA Process to Petitioner is therefore *ultra vires*. See 5 U.S.C. § 706(2)(A).

## SECOND CLAIM FOR RELIEF

### *Violation of 8 U.S.C. § 1101, et seq.*

17. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

18. The INA, 8 U.S.C. § 1101, et seq., sets out the sole mechanisms established by Congress for the removal of noncitizens.

19. The INA provides that a removal proceeding before an immigration judge under 8 U.S.C. § 1229a is "the sole and exclusive procedure" by which the government may determine whether to remove an individual, "[u]nless otherwise specified" in the INA. 8 U.S.C. § 1229a(a)(3).

20. The AEA Process creates an alternative removal mechanism outside of the immigration laws set forth by Congress in Title 8. 78. The INA's "exclusive procedure" and statutory protections apply to any removal of a noncitizen from the United States, including removals authorized by the AEA. Because the AEA Process provides for the removal of Petitioners without the procedures specified in the INA, it violates 8 U.S.C. § 1229a and the INA.

21. As a result, the application of the AEA to Petitioner, which would result in his illegal removal from the United States, is contrary to law. See 5 U.S.C. § 706(2)(A). 80. In addition, by refusing to grant Petitioner access to the procedures specified in the INA, Respondents have withheld and unreasonably delayed actions mandated by the statute. 5 U.S.C. § 706(1). Case 1:25-cv-02886

## THIRD CLAIM FOR RELIEF

### *Violation of 8 U.S.C. § 1158 (Asylum)*

22. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

23. The INA provides, with certain exceptions, that "[a]ny alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title." 8 U.S.C. § 1158(a)(1). 83. Respondents' application of the AEA Process to Venezuelan men over 14 prevents them from applying for asylum—or, in the Petitioner's case, having his previously-filed application fully adjudicated--in accordance with 8 U.S.C. § 1158(a)(1), and is therefore contrary to law. See 5 U.S.C. § 706(2)(A).

## FOURTH CLAIM FOR RELIEF

### *Violation of 8 U.S.C. § 1231(b)(3), Withholding of Removal*

24. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

25. The withholding of removal statute, INA § 241(b)(3), codified at 8 U.S.C. § 1231(b)(3), bars the removal of noncitizens to a country where it is more likely than not that they would face persecution. 86. Respondents' AEA Process violates the withholding of removal statute because it does not provide adequate safeguards to ensure that Petitioner is not returned to Venezuela, a country where it is more likely than not that he would face persecution. As a result, Respondents' actions against Petitioner are contrary to law. See 5 U.S.C. § 706(2)(A).

26. In addition, by refusing to grant Petitioners the procedural protections to which they are entitled, Respondents have withheld and unreasonably delayed actions mandated by the statute. 5 U.S.C. § 706(1).

## FIFTH CLAIM FOR RELIEF

### *Violation of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), codified at 8 U.S.C. § 1231*

27. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

28. FARRA prohibits the government from returning a noncitizen to a country where it is more likely than not that he would face torture.

29. Respondents' AEA Process violates FARRA because it does not provide adequate safeguards to ensure that Petitioners are not returned to a country where it is more likely than not that they would face torture. As a result, Respondents' actions against Petitioners are contrary to law. See 5 U.S.C. § 702(2)(A).

30. In addition, by refusing to grant Petitioners the procedures to which they are entitled, Respondents have withheld and unreasonably delayed actions mandated by the statute. 5 U.S.C. § 706(1)

## SIXTH CLAIM FOR RELIEF

### *Ultra Vires, Violation of 50 U.S.C. § 22*

31. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

32. The AEA requires that noncitizens whose removal is authorized by the AEA, unless "chargeable with actual hostility, or other crime against the public

safety," be allowed the full time stipulated by treaty to depart or a reasonable time in which to settle their affairs before departing. See 50 U.S.C. § 22. The Proclamation on its face denies Petitioners any time under Section 22 to settle their affairs, because it declares everyone subject to the Proclamation to be "chargeable with actual hostility" and to be a "danger to public safety."

33. The AEA Process thus contravenes 50 U.S.C. § 22 and is ultra vires.

34. The application of the AEA Process to Petitioners is contrary to law.

## SEVENTH CLAIM FOR RELIEF

### *Violation of Due Process Under the Fifth Amendment*

35. All of the foregoing allegations are repeated and realleged as if fully set forth herein.

36. The Due Process Clause of the Fifth Amendment provides in relevant part that: "No person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V.

37. In denying Petitioners meaningful procedural protections to challenge their removal, the Proclamation violates due process.

38. The Proclamation on its face also denies Petitioners any time to settle their affairs before departing and thus violates due process.

## EIGHTH CLAIM FOR RELIEF

### *Violation of Habeas Corpus (All Respondents)*

39. Detainees have the right to file petitions for *habeas corpus* to challenge the legality of their detention or raise other claims related to their detention or to

the basis for their removal. 101. The detention of Petitioner under the Alien Enemies Act would be in direct violation of his right to *habeas corpus*. See U.S. Const. art. I, § 9, cl. 2 (Suspension Clause); 28 U.S.C. § 2241.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfullys pray this Court to:

a. Assume jurisdiction over this matter;

b. Grant a temporary restraining order to preserve the status quo pending further proceedings;

c. Enjoin Respondents from transferring Petitioners out of this district during the pendency of this litigation;

d. Grant a writ of habeas corpus to Petitioners that enjoins Defendants from removing them pursuant to the Proclamation;

e. Enjoin Respondents from removing Petitioners pursuant to the Proclamation; g. Declare unlawful the Proclamation;

f. Award Petitioners' counsel reasonable attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

i. Grant such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

/s Matt Cameron
MATT CAMERON
Cameron Micheroni & Silvia
50 Congress St #314
Boston, Mass. 02109
MAIN: (617)-567-0508